UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MYHRNA BLACK, fka MYHRNA TENENTE,<br><br>                              Plaintiff,<br>    v.<br>NATHAN TOD YOUNG, Ninth Judicial District Court Judge, MAJRE BLACK, ALFONSO TENENTE, JUDY M. SHELDREW, attorney at law, the LAW OFFICE OF KAREN L. WINTERS,<br><br>                              Defendants. | Case No. 3:15-cv-00332-MMD-WGC<br><br>ORDER |

**I.   SUMMARY**

This *pro* se action arises from alleged events that occurred in connection with a domestic dispute case in which Plaintiff is not a party — namely, the issuance of subpoenas for bank records and an *ex parte* order freezing the funds of an entity that she owns. The following Defendants have moved to dismiss: Ninth Judicial District Court Judge Nathan Young ("Judge Young"), Judy M. Sheldrew and Law Office of Karen L. Winters (collectively, "Sheldrew"), and Alfonso Tenente ("Tenente"). (Dkt. nos. 10, 11, 13.) The Court has reviewed Plaintiff's responses (nos. 30, 31, 36) and Defendants' replies (dkt. no. 38, 41, 44).

**II.   BACKGROUND**

The following facts are taken from the Complaint. Defendant Marie Black ("Ms. Black"), a citizen of Washington, and Daniel Black, who resides in Lovelock, Nevada,

were involved in an action filed in the Superior Court of Washington to dissolve their marriage. (Dkt. no. 2 at 2-3.) Plaintiff, who has changed her name from Myrhna Tenente to Myrhna Black, is not married to Daniel Black and is not a party to the dissolution proceedings. (*Id.*)

In August 2014, Ms. Black's attorney, Sheldrew, issued a subpoena to Wells Fargo Bank ("Wells Fargo") to examine records and bank accounts held in Plaintiff's name, and the business records of Tech Resources Inc. ("TRI"), a corporation solely owned by Plaintiff. (*Id.* at 3.) In November 2014, Plaintiff, appearing through counsel, moved to quash the subpoena. (*Id.*) Judge Young granted her motion. (*Id.* at 4.) A few weeks later, Sheldrew issued a subpoena for the bank records of TRI. (*Id.*) Plaintiff again moved to quash, but Judge Young denied her motion mainly because of Tenente's sworn declaration falsely claiming that Daniel Black had transferred $1,000,000.00 into TRI's bank account with Wells Fargo. (*Id.*) Sheldrew subsequently issued another subpoena to Wells Fargo for Plaintiff's bank records. (*Id.* at 5.) In April 2015, Sheldrew "worked a fraud upon" Judge Young and obtained an *ex parte* order freezing the bank account of TRI. (*Id.*)

Plaintiff asserts two claims for abuse of civil process and tortious interference with business relationships against Defendants, and a claim against Judge Young for violation of her constitutional rights under 18 U.S.C. § 242.[1] Judge Young, Sheldrew and Tenente have separately moved for dismissal.

**III.   DISCUSSION**

Judge Young's and Sheldrew's motions raise jurisdictional arguments. The Court will address this threshold issue first.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The

---

[1]Sheldrew addresses the third claim in her motion (dkt. no. 11 at 12), but the Complaint appears to assert this claim against only Judge Young. (Dkt. no. 2 at 10-11.)

"presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a).

The Complaint does not allege subject matter jurisdiction. The Court agrees with Sheldrew that the Court lacks diversity jurisdiction because there is a lack of diversity between Plaintiff and Defendants. (Dkt. no. 11 at 11-12.) Plaintiff's Complaint does not state her state of citizenship. The Complaint, however, identifies Nevada as her address (dkt. no. 2); and in her response to Sheldrew's motion, Plaintiff does not dispute that she is a citizen of Nevada (dkt. no. 30 at 5). Based on the allegations of the Complaint, at least one defendant, Judge Young, is a citizen of Nevada. (Dkt. no. 2 at 4.) Because there is a lack of complete diversity of citizenship among the parties, the Court lacks subject matter jurisdiction.

The Court has federal question jurisdiction over Plaintiff's third claim for relief because it asserts violations of two federal statutes, 18 U.S.C. § 242 and 18 U.S.C. § 241. (Dkt. no. 2 at 11-12; dkt. no. 30 at 5-6; dkt. no. 31 at 5-6.) However, these federal statutes govern criminal offenses and punishment. Section 242 addresses the punishment, including fines or imprisonment, for those who "under color of any law . . . willfully subjects any person . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution." 18 U.S.C. § 242. Section 241 prescribes the punishment for criminal conspiracy. Sections 241 and 242 do not provide for a private right of action. Accordingly, only the United States, not private citizens, may bring an action to enforce violations of these two statutes.

Plaintiff relies on *Imbler v. Pachtman,* 424 U.S. 409, 429 (1976), to argue that the United States Supreme Court found that a private right of action exists against judges

like Judge Young. (Dkt. no. 30 at 5-6.) *Imbler* presents the question of whether a state prosecuting attorney who acted within the course and scope of his duties in pursuing criminal prosecution was absolutely immune from civil suits. The language from *Imbler* that Plaintiff quotes does not address a citizen's right to sue for violations of section 242. In addressing why immunity granted to prosecutors would not place them beyond the reach of criminal law, the Court emphasizes that no one is beyond the limit of criminal prosecution: "Even judges, cloaked with absolute civil immunity for centuries, could be punished criminally for willful deprivations of constitutional rights on the strength of 18 U.S.C. § 242, the criminal analog of § 1983." *Imbler*, 424 U.S. at 29.

In sum, the Court has federal question jurisdiction over Plaintiff's third claim for relief. However, Plaintiff fails to state a claim in her third claim for relief. This claim will be dismissed.

The Court will not address Defendants' arguments with respect to Plaintiff's two state law claims as the Court declines to exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(c).

## IV.   CONCLUSION

It is therefore ordered that Judge Young's Motion to Dismiss (dkt. no. 10) is granted in part. The Motion is granted as to the third claim for relief.

The Court declines to exercise supplemental jurisdiction over the remaining two state law claims. Accordingly, Sheldrew and Tenente's motions to dismiss (dkt. no. 11, 13) are denied as moot.

The Clerk is directed to enter judgment in favor of Judge Young on the third claim for relief. The Clerk is further directed to close this case.

DATED THIS 24th day of March 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4